D. Maimon Kirschenbaum (DK-2338)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

Eric B. Kingsley*
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903
* Seeking Admission *Pro Hac Vice*

*Attorneys for Plaintiffs and proposed collective action and class action members*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

BRANDON SALUS, ALAN FELIX IPANAQUE CORDOVA, and BRANDON RUCKDASHEL on behalf of themselves and others similarly situated,

           Plaintiffs,

v.

TSE GROUP LLC d/b/a B.B. KING BLUES CLUB AND GRILL and TSION BENSUSAN

           Defendants.
-----------------------------------------------------------x

MAY 3 0 2007

INDEX NO: 07cv03142-GBD-DCF

**SECOND AMENDED
COMPLAINT**

**FLSA COLLECTIVE ACTION
AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

    1.    Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

1

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that the form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendant conducts business in this District and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

4. Defendant TSE Group, LLC d/b/a B.B. King Blues Club and Grill is a New York corporation with principal executive offices in New York, New York.

5. Defendants Tsion Bensusan has an ownership interest and is actively involved in the day to day management of B.B. King Blues Club and Grill.

6. Both defendants are hereinafter collectively referred to as "Defendants."

7. Defendants are employers under the Fair Labor Standards Act and New York state law.

8. Plaintiffs were employed by Defendants as waiters within all relevant statute of limitations periods.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt

persons employed by Defendants as waiters on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

10. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and time and a half rates for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

11. The First and Second Claim for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

12. Plaintiffs bring the New York Claims for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non exempt persons employed by Defendants as waiters after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

13. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class

members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

14.  The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more fifty (50) members of the Class.

15.  Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16.  Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert

their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

19. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed or jointly employed Plaintiffs and the Class within the meaning of the New York law.

b) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked.

c) Whether Defendants paid Plaintiffs and the Class members the minimum wage for all hours worked.

e) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay the Class members for their work.

f) What Defendants' policy was and is regarding the deducting of pay from employees on the account of "walk-outs" or other illegal wage deductions.

g) Whether Defendants paid Plaintiffs and the Class Members properly for overtime.

h) Whether Defendants paid Plaintiffs and the Class Members New York's "spread of hours" premium when applicable.

## FACTS

20. Defendants committed the following acts knowingly and willfully.

21. Defendants knew that nonpayment of all wages owed and minimum wages would economically injure Plaintiffs and violate federal and/or state laws.

22. Plaintiffs worked as servers for Defendants.

23. When a customer walked out of the restaurant at B.B. King Blues Club and Grill without paying her bill, Defendants deducted an amount equal to the customer's bill from Plaintiffs' pay.

24. Defendants also deducted money from Plaintiffs' pay from spills, breakage and the like.

25. Defendants deducted five dollars per pay period from Plaintiffs' pay in order to cover the salary of porters employed by Defendants.

26. Until December 1, 2004, the minimum wage under New York state law was $5.15 per hour. Throughout the year 2005, the minimum wage was $6.00 per hour, in 2006, it was $6.85 per hour, and it is currently $7.15 per hour.

27. The federal minimum wage is $5.15.

28. Defendants unlawfully paid Plaintiffs an hourly rate below the federal and state minimum wages.

29. Defendants are not entitled to the "tip credit" set forth in 29 U.S.C. 203(m) and 12 N.Y.C.R.R. § 137-1.5 for several independent reasons, including but not limited to the fact that Defendants inappropriately retained portions of Plaintiffs' tips, including but not limited to the portions used for the porters' pay and to cover the cost of walk-outs.

30. Plaintiffs were not paid New York's "spread of hours" premiums for workdays in which they worked more than ten hours.

31. Plaintiffs were not paid one and one half times their regular overtime rate for hours worked in excess of forty hours in a workweek.

32. Plaintiffs sustained substantial losses from Defendants' failure to pay them New York's minimum wage and their illegal deductions from his pay.

33. Upon information and belief, other employees who worked for Defendants and who are FLSA Collective Plaintiffs and/or members of the Class were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

### FIRST CLAIM FOR RELIEF
(FLSA Minimum Wage and Record Keeping
Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)

34. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

35. Plaintiffs is informed and believes and thereon allege that at all relevant times, each Defendants has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, each Defendant has employed, and continues to employ the FLSA Collective Plaintiffs as "employee[s]" within the meaning cf the FLSA.

36. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

37. At all relevant times, Defendants has had, and continues to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

38. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiff on Behalf of Themselves
and the FLSA Collective Plaintiffs)

39. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

40. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

41. At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

42. At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiffs and the FLSA Collective Plaintiffs at the required

9

overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

43. Plaintiff,s on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. § 650 et seq., Brought by Plaintiffs on Behalf of Themselves and the Class)

44. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

45. Defendants knowingly and willfully failed to pay Plaintiffs and the Class members the New York minimum wage for all hours worked.

46. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

47. Plaintiffs do not seek liquidated damages for this claim.

### FOURTH CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. § 650 et seq., Brought by Plaintiff on Behalf of Themselves and the Class)

48. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

49.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

50.     Throughout the Class Period, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiffs and the Class at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

51.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

52.     Plaintiffs do not seek liquidated damages for this claim.

**FIFTH CLAIM FOR RELIEF**
**(Illegal Pay Deductions and Deductions from Gratuities,**
**N.Y. Lab. L. §§ 193, 196-d and 198-b)**
**Brought by Plaintiffs on Behalf of**
**Themselves and the Class)**

53.     Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

54.     Defendants made and continue to make illegal deductions from Plaintiffs' and Class members' pay.

55.     Defendants retained and continue to retain portions of Plaintiffs' tips and Class members' tips.

56. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

57. Plaintiffs do not seek liquidated damages for this claim.

### SIXTH CLAIM FOR RELIEF
### (New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7) Brought by Plaintiffs on Behalf of Themselves and the Class)

58. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

59. Plaintiffs and the Class members regularly worked more than 10 hours in a workday.

60. Defendants willfully failed and intentionally failed to compensate Plaintiff and/or Class members one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

61. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

62. Plaintiffs do not seek liquidated damages for this claim.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all other Covered Employees, prays for relief as follows:

A. A declaratory judgment that the practices complained of herein are unlawful under FLSA;

B. Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

C. Designation of Plaintiffs as representatives of the FLSA Collective Plaintiffs;

D. Certification of the New York state law claims as a class action brought pursuant to FRCP Rule 23;

E. Designation of the Plaintiffs as representativeS of the Class;

F. An award of damages, according to proof, including liquidated damages under the FLSA, to be paid by Defendants;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

I. An injunction against Defendants, its officers, agents, successors, employers, representatives and any and all persons acting in concert with it, from engaging in illegal deduction.

J. Pre-Judgment and post-judgment interest, as provided by law; and

K. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
      May 29, 2007

Respectfully submitted,

JOSEPH & HERZFELD LLP

By: _____
D. Maimon Kirschenbaum (DK-2338)

Charles E. Joseph (CJ-9442)
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

Eric B. Kingsley*
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903
* Seeking Admission *Pro Hac Vice*

*Attorneys for Plaintiffs, proposed collective action members and proposed class*

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.