# Exhibit A

D. Maimon Kirschenbaum (DK-2338)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

Eric B. Kingsley*
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903
* Seeking Admission *Pro Hac Vice*

*Attorneys for Plaintiffs and proposed
collective action and class action members*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

BRANDON SALUS, ALAN FELIX
IPANAQUE CORDOVA, and BRANDON
RUCKDASHEL on behalf of themselves and
others similarly situated,

INDEX NO: 07cv03142-GBD-DCF

MAY 30 2007

Plaintiffs,

**SECOND AMENDED
COMPLAINT**

v.

**FLSA COLLECTIVE ACTION
AND RULE 23 CLASS ACTION**

TSE GROUP LLC d/b/a B.B. KING BLUES
CLUB AND GRILL and TSION
BENSUSAN

**DEMAND FOR JURY TRIAL**

Defendants.

-----------------------------------------------------------x

1.    Plaintiffs, on behalf of themselves and all others similarly situated, allege

as follows:

1

## JURISDICTION AND VENUE

2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that the form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is proper in this District because Defendant conducts business in this District and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

4.    Defendant TSE Group, LLC d/b/a B.B. King Blues Club and Grill is a New York corporation with principal executive offices in New York, New York.

5.    Defendants Tsion Bensusan has an ownership interest and is actively involved in the day to day management of B.B. King Blues Club and Grill.

6.    Both defendants are hereinafter collectively referred to as "Defendants."

7.    Defendants are employers under the Fair Labor Standards Act and New York state law.

8.    Plaintiffs were employed by Defendants as waiters within all relevant statute of limitations periods.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9.    Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt

persons employed by Defendants as waiters on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

10.    At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and time and a half rates for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

11.    The First and Second Claim for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

12.    Plaintiffs bring the New York Claims for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non exempt persons employed by Defendants as waiters after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

13.    All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class

3

members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

14.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more fifty (50) members of the Class.

15.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

4

17.     A class action is superior to other available methods for the fair and
efficient adjudication of the controversy – particularly in the context of wage and hour
litigation where individual class members lack the financial resources to vigorously
prosecute a lawsuit against corporate defendants.  Class action treatment will permit a
large number of similarly situated persons to prosecute their common claims in a single
forum simultaneously, efficiently, and without the unnecessary duplication of efforts and
expense that numerous individual actions engender.  Because the losses, injuries and
damages suffered by each of the individual Class members are small in the sense
pertinent to a class action analysis, the expenses and burden of individual litigation would
make it extremely difficult or impossible for the individual Class members to redress the
wrongs done to them.  On the other hand, important public interests will be served by
addressing the matter as a class action.  The adjudication of individual litigation claims
would result in a great expenditure of Court and public resources; however, treating the
claims as a class action would result in a significant saving of these costs.  The
prosecution of separate actions by individual members of the Class would create a risk of
inconsistent and/or varying adjudications with respect to the individual members of the
Class, establishing incompatible standards of conduct for Defendants and resulting in the
impairment of class members' rights and the disposition of their interests through actions
to which they were not parties.  The issues in this action can be decided by means of
common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered
to, fashion methods to efficiently manage this action as a class action.

18.     Upon information and belief, Defendants and other employers throughout
the state violate the New York Labor Law.  Current employees are often afraid to assert

their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

19.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)     Whether Defendants employed or jointly employed Plaintiffs and the Class within the meaning of the New York law.

b)     What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked.

c)     Whether Defendants paid Plaintiffs and the Class members the minimum wage for all hours worked.

e)     At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay the Class members for their work.

f)     What Defendants' policy was and is regarding the deducting of pay from employees on the account of "walk-outs" or other illegal wage deductions.

g)     Whether Defendants paid Plaintiffs and the Class Members properly for overtime.

h)     Whether Defendants paid Plaintiffs and the Class Members New York's "spread of hours" premium when applicable.

## FACTS

20.     Defendants committed the following acts knowingly and willfully.

21.     Defendants knew that nonpayment of all wages owed and minimum wages would economically injure Plaintiffs and violate federal and/or state laws.

22.     Plaintiffs worked as servers for Defendants.

23.     When a customer walked out of the restaurant at B.B. King Blues Club and Grill without paying her bill, Defendants deducted an amount equal to the customer's bill from Plaintiffs' pay.

24.     Defendants also deducted money from Plaintiffs' pay from spills, breakage and the like.

25.     Defendants deducted five dollars per pay period from Plaintiffs' pay in order to cover the salary of porters employed by Defendants.

26.     Until December 1, 2004, the minimum wage under New York state law was $5.15 per hour.  Throughout the year 2005, the minimum wage was $6.00 per hour, in 2006, it was $6.85 per hour, and it is currently $7.15 per hour.

27.     The federal minimum wage is $5.15.

28.     Defendants unlawfully paid Plaintiffs an hourly rate below the federal and state minimum wages.

29.     Defendants are not entitled to the "tip credit" set forth in 29 U.S.C. 203(m) and 12 N.Y.C.R.R. § 137-1.5 for several independent reasons, including but not limited to the fact that Defendants inappropriately retained portions of Plaintiffs' tips, including but not limited to  the portions used for the porters' pay and to cover the cost of walk-outs.

7