UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                  :

BRANDON SALUS, ALAN FELIX          :
IPANAQUE CORDOVA, and BRANDON   :   Civil Action No.: 07 Civ. 03142
RUCKDASHEL, on behalf of themselves  :   (GBD)(DCF)
and others similarly situated,        :

                      Plaintiffs,    :

  - against -                    :

TSE GROUP LLC d/b/a B.B. KING BLUES  :
CLUB AND GRILL and TSION       :
BENSUSAN                   :

                   Defendants.   :

-------------------------------------------------------x

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement"), dated December 21,

2007, is entered into by Plaintiffs Brandon Salus, Brandon Ruckdashel and Alan Felix

Ipanaque Cordova ("Named Plaintiffs"), individually and on behalf of all members of the

Class defined herein, and Defendants TSE Group LLC and Tsion Bensusan

("Defendants") subject to approval of the Court.

WHEREAS Brandon Salus filed this putative class/collective action on behalf of

himself and others similarly situated, against Defendants in the United States District

Court for the Southern District of New York, Civil Action No. 07cv03142 (GBD) (the

"Litigation") on or about April 19, 2007. On May 2, 2007, Mr. Salus, together with Mr.

Ipanaque Cordova, filed an Amended Complaint. On or about May 30, 2007, the Named

Plaintiffs filed a Second Amended Complaint in which they asserted the following six

claims for relief: (1) failure to pay minimum wage and keep appropriate records under

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b); (2) failure to pay overtime

under the FLSA; (3) failure to pay minimum wage under the New York State Minimum

Wage Act ("NYSMWA"); (4) failure to pay overtime under the NYSMWA; (5) illegal

deductions from gratuities under the New York Labor Law; and (6) failure to pay spread

of hours under the New York Labor Law and the New York Codes, Rules and

Regulations;

WHEREAS the purpose of this Agreement is to settle fully and finally all

obligations and/or differences between Named Plaintiffs on behalf of themselves and the

Class against Defendants asserted in case No. 07-cv-3142 (SDNY) ("the Litigation"),

including, but without limitation, claims arising during or relating to the Recovery Period

(April 19, 2001 to date of Preliminary Approval) based on the alleged violations of

federal and state wage and hour laws;

WHEREAS Defendants denied and continue to deny all allegations made by

Named Plaintiffs in the Litigation and have denied and continue to deny any and all

liability and damages to anyone with respect to the alleged facts or causes of action

asserted in the Litigation.  Nonetheless, without admitting or conceding any liability or

damages whatsoever, and without admitting that any compensation was not properly paid

to employees or that any illegal deductions were made from employees' pay, Defendants

have agreed to settle the Litigation on the terms set forth in this Agreement, to avoid the

burden, expense and uncertainty of continuing litigation;

WHEREAS on June 26, 2007, Named Plaintiffs moved for conditional collective

certification of this Action and have not yet moved for class certification;

WHEREAS there has been no certification of a class or collective action in this Litigation;

WHEREAS Class Counsel has analyzed and evaluated the merits of the claims made against Defendants in the Litigation, and the impact of this Agreement on Named Plaintiffs and the Class, and has engaged in limited discovery and a full mediation before Margaret Shaw, Esq. of JAMS. Based on their analysis and evaluation of a number of factors, and recognizing the substantial risk of continued litigation, including the possibility that the Litigation, if not settled now, may result in no recovery whatsoever for the Class, or may result in a recovery that is less favorable for the Class and that may not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interests of the Class.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1. **DEFINITIONS**

The defined terms set forth below shall have the meaning ascribed to them below:

**1.1    Claim Form.** "Claim Form" shall mean the form provided to Class Members, who do not opt-out, to submit in order to obtain their Individual Settlement Amount pursuant to this Agreement. The Claim Form shall be in the form attached as Exhibit "A" to this Agreement, or in such other form as approved by the Court.

**1.2     Class; Class Member.** "Class" shall mean the class of persons employed by Defendants as servers at any time between April 19, 2001 and the date of Preliminary Approval. A Class Member is any member of the Class. A list of Class Members is currently available in a confidential document that the parties shall exchange, but in order to preserve the confidentiality of certain information, are not filing with the Court.

**1.3     Class Administrator.** "Class Administrator" shall mean Maimon Kirschenbaum and Charles Joseph of Joseph & Herzfeld LLP, 757 Third Avenue, 25th Floor, New York, NY 10017, and Eric Kingsley of Kingsley and Kingsley, P.C. 16133 Venture Blvd., Suite 1200 Encino, CA 91436.

**1.4     Class Counsel.** "Class Counsel" shall mean Maimon Kirschenbaum and Charles Joseph of Joseph & Herzfeld LLP, 757 Third Avenue, 25th Floor, New York, NY 10017, and Eric Kingsley of Kingsley and Kingsley, P.C., 16133 Venture Blvd., Suite 1200 Encino, CA 91436.

**1.5     Class Fund.** "Class Fund" shall mean the Settlement Amount less: (a) the amounts awarded by the Court as and cause all fees and costs; and (b) any Individual Incentive Awards payable to certain Class Members pursuant to Section 2.3 of this Agreement.

**1.6     Class Notice.** "Class Notice" shall mean the written notice that will be mailed by Class Counsel to Class Members notifying them of their right to opt-out of the Class and/or to object to this Agreement. The Class Notice shall be in the form attached as Exhibit "B" to this Agreement, or in such other form as approved by the Court.

**1.7     Defendants.** "Defendants" shall mean TSE Group LLC and Tsion Bensusan.

4

**1.8    Defendants' Counsel.** "Defendants' Counsel" shall mean Kenneth Kirschner and Jonathan Stoler of Heller Ehrman LLP, Times Square Tower, 7 Times Square, New York, NY 10036-6524.

**1.9    Fairness Hearing.** "Fairness Hearing" shall mean the hearing on Named Plaintiffs' Motion for Judgment and Final Approval.

**1.10    Final Approval.** "Final Approval" shall mean the occurrence of all of the following:

    A.    The Court has entered Judgment; and

    B.    The Judgment has become Final. "Final" means the later of:

        1.    The time for seeking rehearing or reconsideration and/or Appellate Review has expired; or

        2.    If rehearing, reconsideration and/or Appellate Review are sought, after any and all avenues of rehearing, reconsideration and appellate review have been exhausted and no further rehearing, reconsideration or appellate review is permitted, or the time for seeking such further rehearing, reconsideration and/or appellate review has expired and the Judgment has not been modified, amended or reversed in any way.

**1.11    Individual Incentive Award.** "Individual Incentive Award" shall mean an additional amount payable to certain Class Members pursuant to Section 2.3 of this Agreement.

5

**1.12    Individual Settlement Amount.** "Individual Settlement Amount" shall mean the amount payable to each Qualified Class Member (less applicable payroll deductions) pursuant to Section 2.1 of this Agreement.

**1.13    Order Granting Preliminary Approval.** "Order Granting Preliminary Approval" shall mean the order entered by the Court preliminarily approving the terms and conditions of this Agreement, including the manner and timing of providing notice to the Class, the time period for objections, and the date for the Fairness Hearing. A copy of the proposed Order Granting Preliminary Approval is attached hereto as Exhibit "C".

**1.14    Parties.** "Parties" shall mean and refer to Named Plaintiffs, the Class and Defendants.

**1.15    Preliminary Approval.** "Preliminary Approval" shall mean that the Court has issued an Order Granting Preliminary Approval.

**1.16    Qualified Class Member.** "Qualified Class Member" shall mean any Class Member who has not affirmatively opted-out of this Lawsuit.

**1.17    Qualified Class Member Payment Distribution Date.** "Qualified Class Member Payment Distribution Date" shall mean the date by which Defense Counsel shall deliver checks payable to Qualified Class Members pursuant to Section 3.9 of this Agreement.

**1.18    Recovery Period.** "Recovery Period" shall mean the period of time between April 19, 2001 and the date of Preliminary Approval.

**1.19    Settlement Amount.** "Settlement Amount" shall mean a total of three hundred and seventy five thousand dollars ($375,000.00), less applicable withholdings where appropriate and provided for herein.

## 2.    SETTLEMENT PAYMENTS

In consideration for a release of any and all claims by all Class Members against all Defendants, Defendants shall pay the Settlement Amount as follows:

**2.1    Settlement Payments to Qualified Class Members.**

> (A)    <u>Settlement Payments to Qualified Class Members</u>. Each Qualified Class Member will receive, subject to the terms and conditions of this Agreement, an Individual Settlement Amount (less applicable payroll deductions) for every week worked for Defendants during the Recovery Period. The Individual Settlement Amount shall be calculated in the following three steps: (1) the Class Fund shall be divided by the aggregate number of weeks worked by all of the Class Members during the Recovery Period ("Weekly Recovery Amount"); (2) for each Qualified Class Member, the number of weeks the Qualified Class Member worked for Defendants during the Recovery Period shall be multiplied by the Weekly Recovery Amount; and (3) Defendants will then subtract applicable payroll deductions from such amounts.

> (B)    The one-time Settlement Payment to Qualified Class Members is made solely for the purpose of settling the Litigation to avoid the burden, expense and uncertainty of continuing the Litigation.

> (C)    Except as otherwise provided herein, Defendants' Counsel shall use reasonable efforts to issue the checks required under Section 2.1 and deliver them to Class Counsel by the Qualified Class Members Settlement Payment Distribution Date. Nothing in this Agreement shall preclude or

prevent Defense Counsel from issuing such payments earlier than the Qualified Class Members Payment Distribution Date, provided, however, that no such payment shall be made before the date of Final Approval. In any case in which (i) a Qualified Member is deceased, (ii) there is a dispute as to the correct amount to which the Qualified Class Member is entitled pursuant to this Agreement, or (iii) the Qualified Class Member's mailing address, as it appears in Defendants' records, is inaccurate, neither Class Counsel nor Defendants' Counsel shall be in default of their obligations under this section so long as they have made reasonable efforts to make such payments within such time period.

(D)    In the event that a Class Member opts-out or fails to submit a completed Claim Form to Class Counsel, then the Individual Settlement Amounts for such individuals shall remain with Defendants and not be redistributed.

(E)    The parties agreed to utilize Maimon Kirschenbaum to facilitate administrative matters and distributions to Qualified Class Members in accordance with the terms and conditions of this Agreement. Such services shall be included in Class Counsel's application for attorneys' fees and costs.

## 2.2    Settlement Amounts Payable As Attorney's Fees and Costs

At the Fairness Hearing, Class Counsel shall petition the Court for an award of attorneys' fees and costs from the Settlement Amount, not exceeding $125,000, which shall be paid to Class Counsel in two equal installments. The first installment shall be paid to Class Counsel no later than ten (10) days after the date of Final Approval. The second

8

installment shall be placed, no later than ten (10) days after the date of Final Approval, into an escrow account, which will be maintained on behalf of Class Counsel by Defendants' Counsel and paid to Class Counsel no later than ten (10) days after the conclusion of the sixty (60) day period for Qualified Class Members to submit their completed Claim Forms as set forth in Section 3.8 of this Agreement. Upon receipt of the second installment in its escrow account, Defendants' Counsel shall immediately confirm such receipt to Class Counsel in writing. The attorneys' fees and costs shall be based upon and payable solely from the Settlement Amount. The Class Fund equals at least $229,000. Defendants agree not to oppose any such petition for attorneys' fees and costs. Defendants shall have no additional liability for fees and costs, including without limitation, administrative costs, expert fees and costs, or attorneys' fees and costs except for same to their own counsel.

**2.3    Settlement Amounts Payable as Incentive Awards to Plaintiffs.**

At the Fairness Hearing, Class Counsel shall petition the Court for incentive awards from the Settlement Amount to be calculated and distributed between and among certain Class Members as indicated below on or before the Qualified Class Members Payment Distribution Date. Defendants shall have no additional liability for any such incentive awards.

(A)    In addition to any payments Plaintiff Brandon Salus received as an Individual Settlement Amount, he shall receive an additional incentive award in the amount of five thousand dollars ($5,000).

(B)    In addition to any payments Plaintiffs David Czyzyk, Stephen Dore and David Dore received as Individual Settlement Amounts, they shall each

9

receive an additional incentive award in the amount of four thousand dollars ($4,000).

(C)   In addition to any payments Plaintiffs Alan Felix Ipanaque Cordova and Brandon Ruckdashel received as Individual Settlement Amounts, they shall each receive an additional incentive award in the amount of two thousand dollars ($2,000).

(D)   Defendants will issue Brandon Salus, David Czyzyk, Stephen Dore, David Dore, Alan Felix Ipanaque Cordova and Brandon Ruckdashel a form 1099 for their Individual Incentive Awards and they will be responsible for payment of all taxes on such awards.  Brandon Salus, David Czyzyk, Stephen Dore, David Dore, Alan Felix Ipanaque Cordova and Brandon Ruckdashel each agree to indemnify Defendants and hold them harmless from any and all taxes, penalties and interest imposed and any and all expenses incurred due to lack of withholding from the Individual Incentive Awards.

In the event that the Court does not approve or reduces any Individual Incentive Award, the amount by which such award was reduced shall return to the Class Fund.

**2.4    Taxability of Settlement Payments**

(A)   Plaintiffs, on behalf of the Class and each individual member of the Class, acknowledge and agree that they have not relied upon any advice whatsoever from Defendants, their counsel or Class Counsel as to any provision of this Agreement, or as to the taxability, whether pursuant to Federal, State, or local income tax statutes or regulations or otherwise, of

the payments made, action taken, or consideration transferred hereunder and that each individual Class Member will solely be liable for all tax obligations arising therefrom.

(B)     Payment of all Individual Settlement Amounts made pursuant to this Agreement will be subject to tax withholding and/or reporting. Accordingly, all Individual Settlement Amounts from the Class Fund to Qualified Class Members shall reflect all applicable withholdings. The Defendants shall be solely responsible for determining and processing the reporting of and the amount of tax withholding, if any, required from all Individual Settlement Amounts made pursuant to this Agreement.

(C)     Each recipient of an Individual Incentive Award pursuant to this Agreement shall receive a form 1099 for such awards and will be solely responsible for payment of all taxes on such awards.

## 2.5    No Further Obligation

The parties agree and acknowledge that the Settlement Amount represents the Defendants' maximum financial obligation under this Agreement. The parties further agree and acknowledge that, except as specifically set forth in this Section 2, Defendants shall have no further monetary obligation whatsoever, including, but not limited to, any monetary obligations with respect to the Plaintiffs, the Class, Class Counsel, or the Litigation; provided, however, that no part of Defendants' attorneys' fees shall be deducted from the Settlement Amount and that the Defendants shall pay their own attorneys' fees and costs.

### 3.    APPROVAL AND CLASS NOTICE

**3.1    Preliminary Approval by the Court.**  On or before December 28, 2007,
Plaintiffs will submit this Agreement to the Court and shall move for preliminary
approval of this Agreement and certification of the class set forth in Section 1.1 for
purposes of resolving this matter according to the terms of this Agreement.  Defendants
will not oppose such motion.

**3.2    Class Notice.**  Within fifteen (15) days after entry of an Order Granting
Preliminary Approval, Class Counsel shall notify Class Members of their right to opt-out
of the Class and/or to object to this Agreement by mailing a copy of the Class Notice, in
the form approved by the Court, to the last known address of each Class Member, as it
appears in Defendants' records.  Defendants shall make such names and addresses
available to Class Counsel within seven (7) days following the Court's Order.  The Class
Notice shall be sent by first class mail, and costs of sending the Class Notice shall be paid
by Class Counsel.  Class Counsel shall, at their own expense, use reasonable efforts to
find and verify addresses and to complete the mailing of the Class Notice as soon as
reasonably practical, and in no event later than thirty (30) days after the date of entry of
the Order Granting Preliminary Approval.  Class Notices returned as undeliverable shall
be forwarded to any forwarding addresses provided by the U.S. Postal Service.  If no
such forwarding address is provided, Class Counsel shall, at their own expense, utilize
the services of a third-party vendor, such as the National Change of Address Services of
Mailnet Services, Inc., to attempt to obtain the most recent addresses for these Class
Notices.  Defendants will cooperate to the best of their ability to provide the Class

Administrator with the last known addresses of each Class Member, and such employee's Social Security numbers if necessary to determine the employee's address.

**3.3    Class Member Opt Out.**  The deadline for Class Members to opt-out of the Class will be set at thirty (30) days after the date that the Class Notice is mailed.  The Parties agree that if 15% or more of the Class chooses to opt-out of the Litigation, then Defendants shall have the right, in their sole discretion, to void the settlement and proceed with the Litigation by notifying Class Counsel in writing of their intent to do so within ten (10) days following the end of the opt-out period.  The postmark date of the Class Notice and the postmark date of the Class Member's mailing shall be deemed the exclusive means for determining whether a Class Member timely opted out of the Litigation.

**3.4    Objections to Settlement.**

(A)    Any Class Member who wishes to object to the fairness, reasonableness or adequacy of this Agreement or the settlement contemplated hereby must file with the Clerk of the Court and serve all counsel, no later than thirty (30) days after the date that the Class Notice is mailed, a statement of the objection setting forth the specific reason(s), if any, for the objection including any legal support that the Class Member wishes to bring to the Court's attention and any evidence that the Class Member wishes to introduce in support of the objection.  Class Members may so act either on their own or through any attorney hired at their own expense. The Class Member, or attorney acting on his or her behalf, also must:

(i)    File a notice of appearance with the Clerk of Court no later than thirty (30) days after the date that the Notice is mailed or as the Court may otherwise direct, and

(ii)   Serve a copy of such notice of appearance on all counsel for the Parties.

(B)    Any Class Member who files and serves a written objection in accordance with Section 3.4(A) may appear at the Fairness Hearing to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement and/or the settlement contemplated hereby. A Class Member who does not timely file and serve such a written objection shall not be heard at the Fairness Hearing.

(C)    Subject to the Court's discretion, any Class Member (or attorney) who fails to comply with the provisions of this Section 3.4, and who has not opted out of the Class as provided in Section 3.3, shall waive and forfeit any and all rights the Class Member may have to appear separately and/or to object and shall be bound by all terms of the Agreement and by all proceedings, orders and judgments in the Litigation.

**3.5    Entry of Judgment.** At the Fairness Hearing, Class Counsel will request that the Court, among other things, (a) certify the Class, (b) enter judgment in accordance with this Agreement, (c) approve the settlement and Agreement as final, fair, reasonable, adequate and binding on all Class Members who have not timely opted out pursuant to Section 3.3, (d) approve the payment of reasonable attorneys' fees and costs for Class Counsel pursuant to Section 2.2, and (e) approve the incentive awards proposed for the

Plaintiffs pursuant to Section 2.3. Defendants and Defendants' Counsel agree not to object to such request.

**3.6     Motion for Judgment and Final Approval.** Within twenty (20) days following the Fairness Hearing, Plaintiffs will submit a Motion for Judgment and Final Approval. Defendants and Defendants' Counsel agree not to object to such motion.

**3.7     Effect of Failure to Grant Final Approval.** Except as set forth in Section 3.7(d) below, in the event that the Court fails to enter Judgment in accordance with this Agreement or the settlement does not receive Final Approval as defined herein, the Parties shall proceed as follows:

(a)     The Litigation will resume unless: (1) Plaintiffs seek reconsideration or appellate review of the decision denying entry of Judgment; or (2) the Parties jointly agree to attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.

(b)     Except as set forth in Section 3.7(d) below, in the event that any reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement.

(c)     Except as set forth in Section 3.7(d) below, if the settlement is not approved, the case will proceed as if no settlement has been attempted. In that event, the class certified for the purposes of settlement shall be decertified and the Plaintiffs shall retain the right to assert that their claims should be maintained as a collective and/or class action and the Defendants will retain the right to contest whether this case should

maintain as a collective and/or class action and to contest the merits of the claims being asserted by Plaintiffs in this action.

(d)      The Parties agree that neither the Court's modification, if any, of the attorneys' and/or administrator's fees set forth in Section 2.2 of this Agreement nor the Court's refusal to approve any or all of the Individual Incentive Awards set forth in Section 2.3 of this Agreement, shall have any effect on the enforceability of this Agreement and/or the Parties' rights or obligations under this Agreement.  To the extent that Class Counsel seeks reconsideration or appellate review of the Court's modification of the attorneys' and/or administrator's fees set forth in Section 2.2 of this Agreement or the Court's refusal to approve any or all of the Individual Incentive Awards set forth in Section 2.3 of this Agreement, Defendants agree not to oppose such reconsideration or appellate review.  However, the Parties agree that the outcome of such reconsideration or appellate review shall not have any effect on the enforceability of this Agreement and/or the Parties' rights or obligations under this Agreement.

**3.8      Mailing of Claim Form.**  Within fifteen (15) days after entry of an Order Granting Final Approval, Class Counsel shall mail the Claim Form with a brief cover letter to all Qualified Class Members at each Qualified Class Member's last known address, as it appears in Defendants' records.  The Claim Form shall be sent by first class mail, and costs of sending the Claim Form shall be paid by Class Counsel.  Class Counsel shall, at their own expense, use reasonable efforts to find and verify addresses and to

complete the mailing of the Claim Form as soon as reasonably practical, and in no event later than thirty (30) days after the date of entry of the Order Granting Final Approval. Claim Forms returned as undeliverable shall be forwarded to any forwarding addresses provided by the U.S. Postal Service. If no such forwarding address is provided, Class Counsel shall, at their own expense, utilize the services of a third-party vendor, such as the National Change of Address Services of Mailnet Services, Inc., to attempt to obtain the most recent addresses for these Claim Forms. Defendants will cooperate to the best of their ability to provide the Class Administrator with the last known addresses of each Qualified Class Member, and such individual's Social Security numbers if necessary to determine the individual's address. Each Qualified Class Members seeking to receive an Individual Settlement Amount must submit his/her completed Claim Form to Class Counsel no later than sixty (60) days following the date the Claim Form is mailed. The postmark date of the Claim Form mailed by the Claims Administrator to the Qualified Class Member and the postmark date of the Claim Form mailed by the Qualified Class Member to the Class Administrator shall be deemed the exclusive means for determining whether a Qualified Class Member timely submitted his/her Claim Form.

**3.9    Mailing of Individual Settlement Amounts.**  On the last day of each month, Class Counsel shall deliver to Defendants' Counsel all of the completed Claim Forms that Class Counsel received in such month from Qualified Class Members. Within fifteen (15) days of Defendants' Counsel's receipt of the Qualified Class Member's completed Claim Forms from Class Counsel for the previous month, Defendants' Counsel shall deliver checks to Class Counsel made payable to each such Qualified Class Member in the amount of each Qualified Class Member's Individual Settlement Amount

(less applicable payroll deductions) and, where applicable, Individual Incentive Award. Within fifteen (15) days of Class Counsel's receipt of the Qualified Class Members' checks, Class Counsel shall mail a check to each Qualified Class Member at the address set forth in each Qualified Class Member's Claim Form.  The check shall be sent by first class mail, and costs of sending the check shall be paid by Class Counsel.

## 4.    ADMINISTRATION

### 4.1    Responsibility for Inquiries of Class Members.

Defendants will refer to Class Counsel any inquiries from Class Members concerning this Agreement and the Settlement including questions from any Class Member concerning that Class Member's settlement payment; however, Defendants expressly reserve the right to respond to inquiries from Class Members to the extent necessary for the reasonable and orderly functioning of Defendants' business.  Class Counsel may respond to any and all inquiries concerning the reasonableness of the settlement and/or Class Counsel's attorneys' and/or administrator's fees, disbursements, costs, and incentive awards.

### 4.2    All decisions pursuant to this section by Class Counsel shall be binding on all parties and Class Counsel shall not be liable for any decisions or actions unless same shall be wonton, willful, or deemed gross negligent.

## 5.    RELEASE

### 5.1    Plaintiffs' and Class Members' Release

(A)    Plaintiffs, on behalf of the Class and each individual member of the Class, agree that they will not commence or prosecute, either as a group or individually, any action on behalf of themselves or any other person,

asserting claims, against Defendants arising during or relating to the Recovery Period, while employed by Defendants, for failure to pay minimum wages or overtime compensation or an illegal deduction from pay or tips under federal or state law that were or could have been asserted in the Litigation.

(B)    By operation of the entry of the Judgment and Final Approval, Plaintiffs, on behalf of themselves and the Class Counsel, and each individual Class Member, forever and fully release Defendants, their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Litigation (collectively, the "Releasees") from any and all past and present matters, claims, demands, and causes of action of any kind whatsoever, whether at common law, pursuant to statue, ordinance, or regulation, in equity or otherwise which Plaintiffs and/or any Class Member has or might have, known or unknown, or any kind whatsoever, arising during or relating to the Recovery Period, while employees for Defendants and growing out of or in connection in any matter with any facts, acts, transactions, occurrences, events or omission that are based upon, arise out of, or in any way relate to the events underlying the Litigation, including claims based on failure to pay minimum wages or

overtime compensation and/or illegal deductions from pay or tips under
federal or state law.

(C)    Defendants may insert language on the back of checks issued to Qualified

Class Members indicating that by cashing or depositing such funds, the

Qualified Class Member acknowledges that s/he received all money owed

to him or her by Defendants pursuant to the Fair Labor Standards Act and

New York Labor Law and relevant regulations.

**5.2    Release of Fees and Costs for Settled Matters.**

Class Counsel and Plaintiffs on behalf of the Class and each individual Class Member,

hereby irrevocably and unconditionally release, acquit, and forever discharge, any claim

that they may have against Defendants for attorneys' fees or costs associated with the

Class Counsel's representation of Plaintiff and the Class.  Class Counsel further

understands and agrees that any fee payments made under this Agreement will be the full,

final, and complete payment of all attorneys' fees and costs associated with Class

Counsel's representation of those individuals.

**5.3    Non-Admission of Liability**

By entering into this Agreement, Defendants in no way admit any violation of law or any

liability whatsoever to Plaintiffs and the Class, individually or collectively, all such

liability being expressly denied.  Rather, Defendants enter into this Agreement to avoid

further protracted litigation and to resolve and settle all disputes with Plaintiffs and the

Class.  The Parties understand and agree that neither this Agreement, nor the negotiations

that preceded it, shall be used as evidence with respect to the claims asserted in the

Litigation or in any other proceeding or dispute.

6.    **STIPULATION**

The Parties hereby stipulate, for purposes of settlement, as follows:

    a.    Any objections to the Agreement or entry of an order approving same shall be heard and any papers submitted in support of such objections shall be considered by the Court at the Fairness Hearing.  Such objections and supporting papers must be filed with the Court and served on Class Counsel and Defendants' Counsel no later than thirty (30) days prior to the Fairness Hearing;

    b.    Within twenty (20) days after the Fairness Hearing, Class Counsel shall submit a Motion for Final Approval of the Settlement to which Defendants shall not oppose;

    c.    Pending final determination of whether the terms of this Agreement should be finally approved, neither the Plaintiffs, nor any Class Members, nor their agents, attorneys or representatives, shall commence or prosecute any action or proceeding in any court or tribunal of competent jurisdiction asserting any of the claims released herein; and

    d.    This Agreement is fair, reasonable, and adequate to the Class and based on the result of good faith, arms-length negotiations.

7.    **MISCELLANEOUS**

7.1    **Cooperation Between Parties; Further Acts.**

The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's approval of this Agreement and of all of its terms.  Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and

deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**7.2    Entire Agreement.**

This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**7.3    Binding Effects.**

This Agreement shall be binding upon and insure to the benefit of the Parties and (A) with respect to Plaintiffs and the Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns, and (B) with respect to Defendants, the Releasees.

**7.4    No Third-Party Beneficiaries.**

This Agreement shall not be construed to create rights in, or grant remedies to or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

**7.5    Arms' Length Transaction; Materiality of Terms.**

The Parties have negotiated all the terms and conditions of this Agreement at arms; length.  All terms and conditions of this Agreement, including the attorneys' and administrator's fees and costs to Class Counsel, in exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.  If any Class Member petitions the Court for a modification of, addition to, or alteration of any term or condition of this Agreement and, if the Court,

on such request or sua sponte, does materially modify, add to or alter any of the terms or conditions of this Agreement, this Agreement shall become voidable and of no further effect upon the filing with the Court of a Notice of Withdrawal from settlement by Class Counsel or Defendants' Counsel within five (5) business days of receipt of any order or final statement of the Court modifying, adding to or altering any of the terms or conditions of this Agreement.

**7.6     Captions.**

The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**7.7     Construction.**

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**7.8     Governing Law.**

This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such Federal law as applied in the United States District Court, Southern District of New York, shall govern.

**7.9    Continuing Jurisdiction.**

The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

**7.10    Waivers, etc.  To Be In Writing.**

No waiver, modification or amendments of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**7.11    When Agreement Becomes Effective; Counterparts.**

This Agreement shall become effective upon its execution.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument.

**7.12    Facsimile Signatures.**

Any party may execute this Agreement by causing its Counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email in pdf format to counsel for the other party.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature

for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

AGREED TO ON BEHALF OF
DEFENDANTS

HELLER EHRMAN LLP

By:    Kenneth Kirschner (KK-0252)
        Jonathan Stoler (JS-7494)
        Eric D. Raphan (ER-8339)

Times Square Tower
7 Times Square
New York, NY 10036
(212) 832-8300
(212) 763-7600 (fax)

AGREED TO ON BEHALF OF
PLAINTIFFS, THE CLASS
MEMBERS, AND CLASS
COUNSEL

JOSEPH & HERZFELD LLP

By:    D. Maimon Kirschenbaum (DK-2338)
        Charles E. Joseph (CJ-9442)

757 Third Avenue, 25th Floor
New York, New York 10017
(212) 688-5640
(212) 688-2548 (fax)

# EXHIBIT A
# TO SETTLEMENT AGREEMENT

MAIL TO:
**SALUS, ET AL. v. TSE GROUP LLC d/b/a B.B.**
**KING BLUES CLUB BAR AND GRILL, ET AL.**
**CLAIMS ADMINISTRATOR**
Maimon Kirschenbaum, Esq.
Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, New York 10017
1-212-688-5640

**Must be Postmarked
No Later Than
_____, 2008**

## INDIVIDUAL CLASS MEMBER CLAIM FORM

**CLAIMANT INFORMATION:**

Claim Number:

Control Number:

**CORRECTIONS OR ADDITIONAL INFORMATION**

Write any name and address corrections below if any are necessary **OR** if there is no preprinted data to the left, please provide your name and address here:

_____
_____
_____
_____

| First 6 Digits Of Your Social Security Number: |
| --- |

| Daytime Telephone Number: | Evening Telephone Number: |
| --- | --- |

**CLAIM FORM**

United States District Court, Southern District of New York, Salus, et al. v. TSE Group d/b/a B.B. King Blues Club and Grill, et al.
Index No. 07-CV-03142 (GBD) (DCF)

**TO SHARE IN THE SETTLEMENT, YOU MUST COMPLETE, SIGN AND RETURN THIS CLAIM FORM.**
**THE CLAIM FORM MUST BE POSTMARKED NO LATER THAN _____, 2008**

The records of TSE Group LLC d/b/a B.B. King Blues Club and Grill ("B.B. King") indicate that you were employed by B.B. King as a server, paid on an hourly basis, in New York City during the Class Period of April 19, 2001 through [Insert Date of Preliminary Approval].

Provided that you timely submit this Claim Form, your award shall be _____.

*Please Type or Print*

Name (First, Middle, Last):

```
┌──────────────────────────────────────────────┐
│                                              │
└──────────────────────────────────────────────┘
```

Street Address:                                    City, State, Zip:

```
┌────────────────────────────────┐    ┌────────────────────────────────────┐
│                                │    │                                    │
└────────────────────────────────┘    └────────────────────────────────────┘

┌────────────────────────────────┐    ┌────────────────────────────────────┐
│                                │    │                                    │
└────────────────────────────────┘    └────────────────────────────────────┘
```

By signing, I certify that I was employed by B.B. King during the Class Period April 19, 2001 through _____ in New York as an hourly employee during at least one work day in each of the number of weeks stated above.

By signing, I also acknowledge that I am executing a "Claim Form Released Claims," which include all claims arising prior to the date of preliminary approval of this Class Settlement Agreement, which were alleged or could have been alleged in the Action based on the facts set forth in the Second Amended Complaint. The Claim Form Released Claims include such claims that were asserted or may have been asserted under New York Labor Law, New York common law, the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., or other applicable law. Claim Form Released Claims include claims that arise under contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether or not such claims are in the nature of claims for damages, unpaid wages, unpaid overtime, premium pay, tips, spread of hours, waiting-time penalties or other penalties or payments for overtime, missed meal periods, incorrect information on pay stubs, missed rest breaks, attorneys' fees or injunctive relief so long as they are based on the facts set forth in the Second Amended Complaint. Claim Form Released Claims will apply only to Eligible Class Members who receive payment pursuant to this Stipulated Settlement.

Date: _____         _____
                                    (Sign your name here)

# EXHIBIT B
# TO SETTLEMENT AGREEMENT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

|  |  |  |
|---|---|---|
| BRANDON SALUS, ALAN FELIX IPANAQUE CORDOVA, and BRANDON RUCKDASHEL, on behalf of themselves and others similarly situated, | : : : : : : | Civil Action No.: 07 Civ. 03142 (GBD)(DCF) |
| Plaintiffs, | : : : | |
| - against - | : : : | |
| TSE GROUP LLC d/b/a B.B. KING BLUES CLUB AND GRILL and TSION BENSUSAN | : : : : : : | |
| Defendants. | : : : | |

-------------------------------------------------------x

## <u>NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT</u>

TO:    All current or former employees of TSE Group LLC d/b/a B.B. King Blues Club & Grill and/or Tsion Bensusan who were employed at any time between April 19, 2001 and [Insert Date of Preliminary Approval] as servers.

If you are or were employed by TSE Group LLC d/b/a B.B. King Blues Club & Grill ("B.B. King") and/or Tsion Bensusan at any time from April 19, 2001 to [Insert Date of Preliminary Approval] (the "Recovery Period"), please read this Notice carefully. It contains important information about your rights concerning the class action settlement described below.

This Notice explains the nature of the lawsuit and the terms of the settlement, and informs you of your legal rights and obligations. This Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the parties.

### 1.  Description of the Lawsuit

Brandon Salus filed this putative class/collective action on behalf of himself and others similarly situated, against Defendants in the United States District Court for the Southern District of New York, Civil Action No. 07cv03142 (GBD) (DCF) on or about April 19, 2007.  On May 2, 2007, Mr. Salus, together with Alan Felix Ipanaque Cordova, filed an Amended Complaint.  On or about May 30, 2007, the Mr. Salus, Mr.

Ipanaque Cordova and Brandon Ruckdashel (collectively referred to herein as the "Named Plaintiffs") filed a Second Amended Complaint in which they asserted the following six claims for relief: (1) failure to pay minimum wage and keep appropriate records under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b); (2) failure to pay overtime under the FLSA; (3) failure to pay minimum wage under the New York State Minimum Wage Act ("NYSMWA"); (4) failure to pay overtime under the NYSMWA; (5) illegal deductions from gratuities under the New York Labor Law; and (6) failure to pay spread of hours under the New York Labor Law and the New York Codes, Rules and Regulations (all claims collectively referred to herein as the "Lawsuit").

Defendants have denied and continue to deny any liability or wrongdoing, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit. To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, however, and without admitting that minimum wage and/or overtime wages were not properly paid to all employees, or that they made illegal deductions from employees' pay and/or tips, Defendants have concluded that it is in their best interests to resolve and settle the Lawsuit by entering into a settlement agreement (the "Agreement").

The Lawsuit is presently before the Hon. George B. Daniels, United States District Court, Southern District of New York. Judge Daniels has not made any decision on the merits. However, on [Insert Date of Preliminary Approval], the Court conditionally certified this matter as a class action and granted preliminary approval of the settlement, subject to a fairness hearing which will take place on _____, 2008.

## 2. Class Definitions

This settlement is for the benefit of the settlement class. The class is defined as the class persons employed by Defendants as servers, including the Named Plaintiffs, at any time between April 19, 2001 and [Insert Date of Preliminary Approval]. A member of the Class, including any and all representatives, heirs, administrators, executors and beneficiaries, is a "Class Member." A list of Class Members that is currently available is a confidential document that the parties have exchanged but, in order to preserve the confidentiality of certain personal information, are not filing with the Court.

## 3. Class Counsel

Charles Joseph, Esq.
Maimon Kirschenbaum, Esq.
Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 688-5640
Fax: (212) 688-2548

Eric Kingsley, Esq.
Kingsley and Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Telephone: (888) 500-8469
Fax: (818) 990-2903

**4. The Proposed Settlement**

This settlement was reached in September 2007, and resulted from extensive and vigorously contested negotiations on the part of Class Counsel and Defendants' counsel, all of whom have substantial experience in litigating class actions involving similar claims. This Lawsuit has been vigorously contested from its inception, the parties have engaged in discovery and mediation with a third neutral party mediator, and only after several informal and formal negotiating sessions, meetings, and conferences among counsel for the parties, were the parties able to resolve all the issues and agree upon the settlement, subject to approval of the Court.

Plaintiffs and Defendants have agreed to the settlement summarized below. The complete terms and conditions of the proposed settlement are on file with the Clerk of Court at the address listed below in Section 7. The parties' obligations under the settlement agreement will not become effective unless and until it receives final court approval, including the exhaustion of any appeals.

a. *Relief to the Class*

The proposed settlement provides that Defendants shall pay a total "Settlement Amount" of $375,000, which includes Plaintiffs' counsel's attorneys' fees, costs, and expenses, and Incentive Awards to certain plaintiffs totaling $21,000, subject to Court approval. The remaining amount is the "Class Fund". The Class Fund equals at least $229,000. Each Class Member who does not opt-out of the Lawsuit ("Qualified Class Members") will receive, in accordance with the terms of the parties' Settlement Agreement and Release, an Individual Settlement Amount (less applicable payroll deductions) for every week worked for Defendants during the Recovery Period. The Individual Settlement Amount shall be calculated in the following three steps: (1) the Class Fund shall be divided by the aggregate number of weeks worked by all of the Class Members during the Recovery Period ("Weekly Recovery Amount"); (2) for each Qualified Class Member, the number of weeks the Qualified Class Member worked for Defendants during the Recovery Period shall be multiplied by the Weekly Recovery Amount; and (3) Defendants will then subtract applicable payroll deductions from such amounts. Attached hereto as Exhibit A is a letter that details the number of weeks in which you worked at B.B. King during the Class Period of April 19, 2001 through [Insert Date of Prelminary Approval] according to Defendants' payroll records. Exhibit A also sets forth your estimated Individual Settlement Amount and provides you with instructions if you have any questions regarding such calculation.

All distributions from the Settlement Amount representing wages to Qualified Class Members may be subject to tax withholding and/or reporting. To the extent possible, payment shall be paid in accordance with normal payroll practices and procedures, and shall reflect all applicable withholdings, including federal income withholding, and previously authorized deductions for those Qualified Class Members possessing a valid Social Security number and work authorization documents.

b. *Attorneys' and Administrator Fees and Costs*

At the Fairness Hearing, Class Counsel will ask the Court for an attorneys' and administrator fees and costs award, including those as Class Administrator, of $125,000. The Court retains discretion to award this or another amount for attorneys' and administrator's fees and costs. The Class Fund equals at least $229,000. Defendants have agreed not to oppose Class Counsel's request for $125,000 of the Settlement Amount as attorneys' and administrator's fees and costs. Any and all awards of attorneys' and administrator's fees and costs awarded will be paid from the $375,000 settlement fund.

c. *Relief to the Named Plaintiff/Opt-In Plaintiffs*

Class Counsel intends to seek incentive awards for the following Plaintiffs in exchange for their significant time contributions to this case: $5,000 for Mr. Salus; $4,000 each for Stephen Dore, David Dore and Davey Czyzyk; and $2,000 each for Mr. Ipanaque Cordova and Mr. Ruckdashel. Any and all incentive awards will be paid from the $375,000 Settlement Amount.

d. *Legal Effects of Judgment*

If you become a Qualified Class Member, this settlement, when approved and entered as a final judgment by the Court, will bind you, your representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns. The payment described above shall be in lieu of and discharge any obligations of Defendants arising during or relating to the Recovery Period, while employed by Defendants for unpaid wages, attorneys' and administrator fees, costs, injunctive or other remedial relief, or any other expectation of remuneration or benefit on the part of the class. The Qualified Class Members will not be permitted to commence or prosecute, either as a group or individually, any action on behalf of themselves or any other person asserting claims against Defendants for minimum wage and/or overtime compensation arising during or relating to the Recovery Period under federal or state law that were or could have been asserted in the Lawsuit.

Except for the rights and obligations created by the Agreement, the Named Plaintiffs and Qualified Class Members will release Defendants, their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting through, under or in concert with

any of them, including any part that was or could have been named as a defendant in the lawsuit from any and all past and present matters, claims, demands, and causes of action of any kind whatsoever, whether at common law, pursuant to state statute, ordinance, or regulation, in equity or otherwise which any class member has or might have, known or unknown, arising during or relating to the Recovery Period and growing out of or in connection in any matter with any facts, acts, transactions, occurrences, events, or omission that are based upon, arise out of, or in any way relate to their employment with Defendants as to the events underlying this Lawsuit, while employed by Defendants, including without limitation, claims for minimum wage and/or overtime compensation and deductions from wages and/or tips under state or federal law.

e. *If Court Does Not Approve the Proposed Settlement*

If the settlement is not approved, the case will proceed as if no settlement has been attempted. In that event, Defendants retain the right to contest whether this case should be maintained as a class action and to contest the merits of the claims being asserted by the Plaintiffs in this action. There can be no assurance that if the settlement is not approved the class will recover more than is provided for in the settlement, or indeed, anything.

## 5. Fairness Hearing

The Court has granted preliminary approval of the proposed settlement, concluding preliminarily that the settlement is fair, adequate, and reasonable; that the proposed distribution of the settlement is fair, adequate, and reasonable; and that the proposed incentive awards to the Named Plaintiffs are fair and reasonable.

A hearing will be held to determine whether final approval of the settlement should be granted. At the hearing, the Court will hear objections and arguments concerning the fairness of the proposed settlement. The hearing will take place before Judge George B. Daniels on_____, 2008 at the United States District Court for the Southern District of New York, 500 Pearl Street, Room_____, New York, NY 10007. **YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT.**

## 6. Participation in the Settlement – Your Options as a Class Member

a. *You shall be automatically included in the distribution of money from the Class Fund unless you affirmatively opt out of this settlement.*

You will be represented by Class Counsel and you may remain in the Class and participate in the settlement, if it is approved by the Court. In that event, you will share in the benefits of the settlement and any claims you may have against the Defendants will be released.

    b.  *You have the right to exclude yourself, and only yourself, from both the class action and the settlement.*

If you wish to exclude yourself from the class action and the settlement, you must submit a request for exclusion called an "Opt Out Form" to Class Counsel at the address below. The Opt Out Form should state: "I WISH TO BE EXCLUDED FROM THE CLASS IN THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK CASE ENTITLED <u>BRANDON SALUS, ALAN FELIX IPANAQUE CORDOVA AND BRANDON RUCKDASHEL ET AL. V. TSE GROUP LLC D/B/A BB KING BLUES CLUB AND GRILL AND TSION BENSUSAN</u>, INDEX NO. 07cv03142 (GBD) (DCF). I UNDERSTAND THAT BY OPTING OUT OF THE SETTLEMENT CLASS I WILL NOT RECEIVE MONEY FROM THE SETTLEMENT." The Opt Out Form must be sent by registered mail, postmarked no later than [Insert Date that is 30 Days Following The Date This Notice is Mailed] and must include your full name and address. You must personally sign the Opt Out Form.

If you do not follow these instructions for excluding yourself from the class, you will be bound by the Court's final judgment, which will determine all of your legal rights in connection with the subject matter of this lawsuit, if the settlement is approved.

The Opt-Out Form should be sent to the Class Counsel at the address listed below:

| Class Counsel | Defendants' Counsel |
|---|---|
| Charles Joseph, Esq. | Jonathan Stoler, Esq. |
| Maimon Kirschenbaum, Esq. | Heller Ehrman LLP |
| Joseph & Herzfeld LLP | Times Square Tower |
| 757 Third Avenue, 25th Floor | 7 Times Square |
| New York, NY 10017 | New York, NY 10036 |
| Telephone: (212) 688-5640 | Telephone: (212) 832-8300 |
| Fax: (212) 688-2548 | Fax: (212) 763-7600 |

Eric Kingsley, Esq.
Kingsley and Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Telephone: (888) 500-8469
Fax: (818) 990-2903

    c.  *If you object to the settlement, but do not want to exclude yourself from the class action, you may submit an objection to the settlement*

If you object to the fairness, reasonableness, and adequacy of the proposed settlement, you may appear in person or by your own attorney, hired at your own expense, at the Fairness Hearing and present any evidence or argument that may be proper and relevant. However, you will not be heard at the Fairness Hearing unless you

timely file: (1) an appearance; (2) a written statement of the objections to the settlement; and (3) the grounds for objections, along with any papers, briefs, pleadings or other documents for the Court's consideration, with the Clerk of Court, United States District Court, Southern Division of New York, 500 Pearl Street, New York, NY 10007. If you object to the settlement, the foregoing items must be received by the Clerk of Court on or before [Insert Date that is 30 Days Following The Date This Notice is Mailed]. You must also serve copies of the notice and objection by registered mail on each of the attorneys for the Plaintiffs and for the Defendants by the same date, at the addresses listed above. Any objection filed with the Court must include, at a minimum, your name, address, the case number (Brandon Salus, Alan Felix Ipanaque Cordova and Brandon Ruckdashel et al. v. TSE Group LLC d/b/a BB King Blues Club and Grill and Tsion Bensusan, Index No. 07cv03142 (GBD) (DCF)), and a statement of the reasons why you believe the Court should find that the proposed settlement is not in the best interests of the Class. Please note that it is not sufficient to state simply that you object to the settlement. If you wish, you may hire your own attorney, at your own expense, to represent your interests in connection with the proposed settlement. If you wish to participate through your own attorney, an appearance must be filed with the Court no later than [Insert Date that is 30 Days Following The Date This Notice is Mailed].

## 7. The Right to Examine Court Records

The foregoing description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, including a copy of the settlement agreement, you should visit the Clerk of Court, United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007. The Clerk will make all files relating to this lawsuit available to you for inspection and copying at your own expense.

## 8. Inquiries

Any questions you or your attorney has concerning this Notice should be directed toward Maimon Kirschenbaum by phone at (212) 688-5640, in writing at the address listed above, or by email at maimon@jhllp.com. Please include the case name and number, your name, and your return address.

IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT CLASS COUNSEL AT THE ADDRESS LISTED ABOVE, OR COUNSEL OF YOUR OWN CHOOSING AND AT YOUR OWN EXPENSE. **PLEASE DO NOT CONTACT THE COURT OR THE CLERK OF COURT.** DEFENDANTS EMPHASIZE THAT THERE WILL BE NO RETALIATION AGAINST ANY CLASS MEMBER FOR REMAINING IN THE CLASS.

**Dated: _____, 2008**

**This Notice is sent to you by Order of the United States District Court for the Southern District of New York.**

**[TO BE PLACED ON CLASS COUNSEL'S LETTERHEAD]**

**EXHIBIT A**

Name
Address

_____, 2008 [Insert Date That The Attached Notice Is Mailed]

Re:    Notice of Class Action and Proposed Settlement

Dear _____:

      As set forth in the attached Notice of Class Action and Proposed Settlement ("Notice"), the records of TSE Group LLC d/b/a B.B. King Blues Club and Grill ("B.B. King") indicate that you were employed by B.B. King as a server, paid on an hourly basis, in New York City during the Class Period of April 19, 2001 through [Insert Date of Preliminary Approval]. Pursuant to B.B. King's payroll records, there were ____ weeks in which you worked at B.B. King at least one day during the applicable week.

      Based upon the above, and in accordance with the preliminary calculations set forth in the attached Notice, your estimated award is _____. Such amount will ultimately be determined following the Fairness Hearing on this matter. If you believe that the number of weeks indicated above is incorrect, please advise the below Class Counsel and provide documentation to support your position within 30 days of this mailing.

      Thank you for your attention to this matter.

                Sincerely,

                D. Maimon Kirschenbaum

# EXHIBIT C
# TO SETTLEMENT AGREEMENT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                       :

BRANDON SALUS, ALAN FELIX        :
IPANAQUE CORDOVA, and BRANDON  :    Civil Action No.: 07 Civ. 03142
RUCKDASHEL, on behalf of themselves  :    (GBD)(DCF)
and others similarly situated,       :
                                        :
                   Plaintiffs,  :
                                        :
     - against -                  :
                                        :
TSE GROUP LLC d/b/a B.B. KING BLUES  :
CLUB AND GRILL and TSION        :
BENSUSAN                      :
                                        :
                Defendants.  :
                                        :
-----------------------------------------------------------x

## <u>ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE</u>

      **WHEREAS**, an action entitled Brandon Salus, Alan Felix Ipanaque Cardova, and

Brandon Ruckdashel, Individually, On Behalf of All Others Similarly Situated and as

Class Representatives v. TSE Group d/b/a B.B. King Blues Club and Grill and Tsion

Bensusan, Civil Action No. 07-cv-03142-GBD-DCF (the "Lawsuit") is currently pending

before this court;

      **WHEREAS**, Plaintiffs have made application, pursuant to Rule 23(e) of the

Federal Rules of Civil Procedure, for an order approving settlement of the claims alleged

in the Lawsuit, in accordance with a Settlement Agreement dated December 21, 2007

(the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms

and conditions for a proposed settlement of the Lawsuit against Defendants and for

dismissal of the Lawsuit against Defendants with prejudice upon the terms and conditions

set forth therein, and the Court has read and considered the Agreement and the exhibits thereto; and

**WHEREAS**, all capitalized terms contained and not otherwise defined herein shall have the same meanings set forth in the Agreement.

**IT IS ON THIS _____ DAY OF _____, 2008 HEREBY ORDERED AS FOLLOWS:**

1.     The Court hereby preliminarily approves the settlement set forth in the Agreement as being fair, just, reasonable, adequate and in the best interests of the Plaintiffs and the Class as described in the Agreement (hereinafter the "Class").

2.     The Court hereby preliminarily certifies the Class and Class Counsel, as described in the Agreement, subject to the entry of the Final Order and Judgment as provided in the Agreement.

3.     The Settlement Hearing Shall be held before this Court, on _____, 2008 at the United States District Court, Southern District of New York, U.S. Courthouse, 500 Pearl Street, Room _____, at _____, New York, NY 10007, to: (a) determine whether the proposed settlement of the Lawsuit on the terms and conditions provided for in the Agreement are fair, just, reasonable, adequate and in the best interests of the Class, and should be approved by the Court; (b) whether an Order and Final Judgment of Dismissal, as provided in the Agreement, should be entered; and (c) to determine the amount of attorneys' and/or administrator's costs and expenses that should be awarded Plaintiffs' Class Counsel.

4.     The Court approves, as to form and content, the Settlement Notice and finds that the mailing and distribution of the Settlement Notice substantially in the manner and form set forth in this Order constitutes the best notice practicable under the

circumstances, and constitutes valid, due and sufficient notice to all persons in the Class, complying fully with the requirement of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the Untied States and any other applicable laws.

5.    Class Members entitled to contest approval of the terms and conditions of the proposed settlement, the judgment to be entered thereon if the same is approved, the attorneys' and administrator's fees and expenses to be awarded to the Plaintiffs' Class Counsel, or any other matter, must file with the Clerk of the Court and serve all counsel, no later than thirty (30) days after the date that the Class Notice is mailed, a statement of the objection setting forth the specific reason(s), if any, for the objection including any legal support that the Class Member wishes to bring to the Court's attention and any evidence that the Class Member wishes to introduce in support of the objection.  Class Members may so act either on their own or through any attorney hired at their own expense.  The Class Member, or attorney acting on his or her behalf, also must: (a) File a notice of appearance with the Clerk of Court no later than thirty (30) days after the date that the Notice is mailed or as the Court may otherwise direct, and (b) serve a copy of such notice of appearance on all counsel for the Parties.  Any member of the Class who does not make his or her objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Agreement, and the award of attorneys' and/or administrator's fees, costs and expenses to Plaintiffs' Class Counsel, and the award of incentive payments for Class Plaintiffs, unless otherwise ordered by the Court.

6.    All additional papers in support of the settlement or any application by Plaintiffs' Class Counsel for attorneys' fees or reimbursement of costs and expenses, and

incentive payments shall be filed and served on all named parties at least two (2) business days before the Fairness Hearing date.

7.    Any payments and actions required under the Agreement prior to the Fairness Hearing shall be carried our as set forth in the Agreement.

8.    The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  Notice of any adjournment can be obtained from Class Counsel: Maimon Kirschenbaum, Esq., 757 Third Avenue, Suite 2500, New York, NY 10017 (phone: 212-688-5640).  The Court may approve the settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

_____
United States District Judge

Dated: _____, 2008