UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

BRANDON SALUS, ALAN FELIX
IPANAQUE CORDOVA, and BRANDON
RUCKDASHEL, on behalf of themselves
and others similarly situated,

                Civil Action No.: 07 Civ. 03142
                (GBD)(DCF)

                Plaintiffs,

- against -

TSE GROUP LLC d/b/a B.B. KING BLUES
CLUB AND GRILL and TSION
BENSUSAN

                Defendants.

------------------------------------------------------------x

### NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

TO:      All current or former employees of TSE Group LLC d/b/a B.B. King Blues Club & Grill and/or Tsion Bensusan who were employed at any time between April 19, 2001 and [Insert Date of Preliminary Approval] as servers.

    If you are or were employed by TSE Group LLC d/b/a B.B. King Blues Club & Grill ("B.B. King") and/or Tsion Bensusan at any time from April 19, 2001 to [Insert Date of Preliminary Approval] (the "Recovery Period"), please read this Notice carefully. It contains important information about your rights concerning the class action settlement described below.

    This Notice explains the nature of the lawsuit and the terms of the settlement, and informs you of your legal rights and obligations. This Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the parties.

1. **Description of the Lawsuit**

    Brandon Salus filed this putative class/collective action on behalf of himself and others similarly situated, against Defendants in the United States District Court for the Southern District of New York, Civil Action No. 07cv03142 (GBD) (DCF) on or about April 19, 2007. On May 2, 2007, Mr. Salus, together with Alan Felix Ipanaque Cordova, filed an Amended Complaint. On or about May 30, 2007, the Mr. Salus, Mr.

Ipanaque Cordova and Brandon Ruckdashel (collectively referred to herein as the "Named Plaintiffs") filed a Second Amended Complaint in which they asserted the following six claims for relief: (1) failure to pay minimum wage and keep appropriate records under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b); (2) failure to pay overtime under the FLSA; (3) failure to pay minimum wage under the New York State Minimum Wage Act ("NYSMWA"); (4) failure to pay overtime under the NYSMWA; (5) illegal deductions from gratuities under the New York Labor Law; and (6) failure to pay spread of hours under the New York Labor Law and the New York Codes, Rules and Regulations (all claims collectively referred to herein as the "Lawsuit").

Defendants have denied and continue to deny any liability or wrongdoing, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit. To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, however, and without admitting that minimum wage and/or overtime wages were not properly paid to all employees, or that they made illegal deductions from employees' pay and/or tips, Defendants have concluded that it is in their best interests to resolve and settle the Lawsuit by entering into a settlement agreement (the "Agreement").

The Lawsuit is presently before the Hon. George B. Daniels, United States District Court, Southern District of New York. Judge Daniels has not made any decision on the merits. However, on [Insert Date of Preliminary Approval], the Court conditionally certified this matter as a class action and granted preliminary approval of the settlement, subject to a fairness hearing which will take place on _____, 2008.

2. **Class Definitions**

This settlement is for the benefit of the settlement class. The class is defined as the class persons employed by Defendants as servers, including the Named Plaintiffs, at any time between April 19, 2001 and [Insert Date of Preliminary Approval]. A member of the Class, including any and all representatives, heirs, administrators, executors and beneficiaries, is a "Class Member." A list of Class Members that is currently available is a confidential document that the parties have exchanged but, in order to preserve the confidentiality of certain personal information, are not filing with the Court.

3. **Class Counsel**

Charles Joseph, Esq.
Maimon Kirschenbaum, Esq.
Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 688-5640
Fax: (212) 688-2548

Eric Kingsley, Esq.
Kingsley and Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Telephone: (888) 500-8469
Fax: (818) 990-2903

### 4. The Proposed Settlement

This settlement was reached in September 2007, and resulted from extensive and vigorously contested negotiations on the part of Class Counsel and Defendants' counsel, all of whom have substantial experience in litigating class actions involving similar claims. This Lawsuit has been vigorously contested from its inception, the parties have engaged in discovery and mediation with a third neutral party mediator, and only after several informal and formal negotiating sessions, meetings, and conferences among counsel for the parties, were the parties able to resolve all the issues and agree upon the settlement, subject to approval of the Court.

Plaintiffs and Defendants have agreed to the settlement summarized below. The complete terms and conditions of the proposed settlement are on file with the Clerk of Court at the address listed below in Section 7. The parties' obligations under the settlement agreement will not become effective unless and until it receives final court approval, including the exhaustion of any appeals.

   a. *Relief to the Class*

The proposed settlement provides that Defendants shall pay a total "Settlement Amount" of $375,000, which includes Plaintiffs' counsel's attorneys' fees, costs, and expenses, and Incentive Awards to certain plaintiffs totaling $21,000, subject to Court approval. The remaining amount is the "Class Fund". The Class Fund equals at least $229,000. Each Class Member who does not opt-out of the Lawsuit ("Qualified Class Members") will receive, in accordance with the terms of the parties' Settlement Agreement and Release, an Individual Settlement Amount (less applicable payroll deductions) for every week worked for Defendants during the Recovery Period. The Individual Settlement Amount shall be calculated in the following three steps: (1) the Class Fund shall be divided by the aggregate number of weeks worked by all of the Class Members during the Recovery Period ("Weekly Recovery Amount"); (2) for each Qualified Class Member, the number of weeks the Qualified Class Member worked for Defendants during the Recovery Period shall be multiplied by the Weekly Recovery Amount; and (3) Defendants will then subtract applicable payroll deductions from such amounts. Attached hereto as Exhibit A is a letter that details the number of weeks in which you worked at B.B. King during the Class Period of April 19, 2001 through [Insert Date of Prelminary Approval] according to Defendants' payroll records. Exhibit A also sets forth your estimated Individual Settlement Amount and provides you with instructions if you have any questions regarding such calculation.

All distributions from the Settlement Amount representing wages to Qualified Class Members may be subject to tax withholding and/or reporting. To the extent possible, payment shall be paid in accordance with normal payroll practices and procedures, and shall reflect all applicable withholdings, including federal income withholding, and previously authorized deductions for those Qualified Class Members possessing a valid Social Security number and work authorization documents.

b. *Attorneys' and Administrator Fees and Costs*

At the Fairness Hearing, Class Counsel will ask the Court for an attorneys' and administrator fees and costs award, including those as Class Administrator, of $125,000. The Court retains discretion to award this or another amount for attorneys' and administrator's fees and costs. The Class Fund equals at least $229,000. Defendants have agreed not to oppose Class Counsel's request for $125,000 of the Settlement Amount as attorneys' and administrator's fees and costs. Any and all awards of attorneys' and administrator's fees and costs awarded will be paid from the $375,000 settlement fund.

c. *Relief to the Named Plaintiff/Opt-In Plaintiffs*

Class Counsel intends to seek incentive awards for the following Plaintiffs in exchange for their significant time contributions to this case: $5,000 for Mr. Salus; $4,000 each for Stephen Dore, David Dore and Davey Czyzyk; and $2,000 each for Mr. Ipanaque Cordova and Mr. Ruckdashel. Any and all incentive awards will be paid from the $375,000 Settlement Amount.

d. *Legal Effects of Judgment*

If you become a Qualified Class Member, this settlement, when approved and entered as a final judgment by the Court, will bind you, your representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns. The payment described above shall be in lieu of and discharge any obligations of Defendants arising during or relating to the Recovery Period, while employed by Defendants for unpaid wages, attorneys' and administrator fees, costs, injunctive or other remedial relief, or any other expectation of remuneration or benefit on the part of the class. The Qualified Class Members will not be permitted to commence or prosecute, either as a group or individually, any action on behalf of themselves or any other person asserting claims against Defendants for minimum wage and/or overtime compensation arising during or relating to the Recovery Period under federal or state law that were or could have been asserted in the Lawsuit.

Except for the rights and obligations created by the Agreement, the Named Plaintiffs and Qualified Class Members will release Defendants, their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting through, under or in concert with

any of them, including any part that was or could have been named as a defendant in the lawsuit from any and all past and present matters, claims, demands, and causes of action of any kind whatsoever, whether at common law, pursuant to state statute, ordinance, or regulation, in equity or otherwise which any class member has or might have, known or unknown, arising during or relating to the Recovery Period and growing out of or in connection in any matter with any facts, acts, transactions, occurrences, events, or omission that are based upon, arise out of, or in any way relate to their employment with Defendants as to the events underlying this Lawsuit, while employed by Defendants, including without limitation, claims for minimum wage and/or overtime compensation and deductions from wages and/or tips under state or federal law.

    e. *If Court Does Not Approve the Proposed Settlement*

If the settlement is not approved, the case will proceed as if no settlement has been attempted. In that event, Defendants retain the right to contest whether this case should be maintained as a class action and to contest the merits of the claims being asserted by the Plaintiffs in this action. There can be no assurance that if the settlement is not approved the class will recover more than is provided for in the settlement, or indeed, anything.

5. **Fairness Hearing**

The Court has granted preliminary approval of the proposed settlement, concluding preliminarily that the settlement is fair, adequate, and reasonable; that the proposed distribution of the settlement is fair, adequate, and reasonable; and that the proposed incentive awards to the Named Plaintiffs are fair and reasonable.

A hearing will be held to determine whether final approval of the settlement should be granted. At the hearing, the Court will hear objections and arguments concerning the fairness of the proposed settlement. The hearing will take place before Judge George B. Daniels on_____, 2008 at the United States District Court for the Southern District of New York, 500 Pearl Street, Room_____, New York, NY 10007. **YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT.**

6. **Participation in the Settlement – Your Options as a Class Member**

    a. *You shall be automatically included in the distribution of money from the Class Fund unless you affirmatively opt out of this settlement.*

You will be represented by Class Counsel and you may remain in the Class and participate in the settlement, if it is approved by the Court. In that event, you will share in the benefits of the settlement and any claims you may have against the Defendants will be released.

b. *You have the right to exclude yourself, and only yourself, from both the class action and the settlement.*

If you wish to exclude yourself from the class action and the settlement, you must submit a request for exclusion called an "Opt Out Form" to Class Counsel at the address below. The Opt Out Form should state: "I WISH TO BE EXCLUDED FROM THE CLASS IN THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK CASE ENTITLED BRANDON SALUS, ALAN FELIX IPANAQUE CORDOVA AND BRANDON RUCKDASHEL ET AL. V. TSE GROUP LLC D/B/A BB KING BLUES CLUB AND GRILL AND TSION BENSUSAN, INDEX NO. 07cv03142 (GBD) (DCF). I UNDERSTAND THAT BY OPTING OUT OF THE SETTLEMENT CLASS I WILL NOT RECEIVE MONEY FROM THE SETTLEMENT." The Opt Out Form must be sent by registered mail, postmarked no later than [Insert Date that is 30 Days Following The Date This Notice is Mailed] and must include your full name and address. You must personally sign the Opt Out Form.

If you do not follow these instructions for excluding yourself from the class, you will be bound by the Court's final judgment, which will determine all of your legal rights in connection with the subject matter of this lawsuit, if the settlement is approved.

The Opt-Out Form should be sent to the Class Counsel at the address listed below:

| Class Counsel | Defendants' Counsel |
|---|---|
| Charles Joseph, Esq.<br>Maimon Kirschenbaum, Esq.<br>Joseph & Herzfeld LLP<br>757 Third Avenue, 25th Floor<br>New York, NY 10017<br>Telephone: (212) 688-5640<br>Fax: (212) 688-2548 | Jonathan Stoler, Esq.<br>Heller Ehrman LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 832-8300<br>Fax: (212) 763-7600 |

Eric Kingsley, Esq.
Kingsley and Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Telephone: (888) 500-8469
Fax: (818) 990-2903

c. *If you object to the settlement, but do not want to exclude yourself from the class action, you may submit an objection to the settlement*

If you object to the fairness, reasonableness, and adequacy of the proposed settlement, you may appear in person or by your own attorney, hired at your own expense, at the Fairness Hearing and present any evidence or argument that may be proper and relevant. However, you will not be heard at the Fairness Hearing unless you

timely file: (1) an appearance; (2) a written statement of the objections to the settlement; and (3) the grounds for objections, along with any papers, briefs, pleadings or other documents for the Court's consideration, with the Clerk of Court, United States District Court, Southern Division of New York, 500 Pearl Street, New York, NY 10007. If you object to the settlement, the foregoing items must be received by the Clerk of Court on or before [Insert Date that is 30 Days Following The Date This Notice is Mailed]. You must also serve copies of the notice and objection by registered mail on each of the attorneys for the Plaintiffs and for the Defendants by the same date, at the addresses listed above. Any objection filed with the Court must include, at a minimum, your name, address, the case number (Brandon Salus, Alan Felix Ipanaque Cordova and Brandon Ruckdashel et al. v. TSE Group LLC d/b/a BB King Blues Club and Grill and Tsion Bensusan, Index No. 07cv03142 (GBD) (DCF)), and a statement of the reasons why you believe the Court should find that the proposed settlement is not in the best interests of the Class. Please note that it is not sufficient to state simply that you object to the settlement. If you wish, you may hire your own attorney, at your own expense, to represent your interests in connection with the proposed settlement. If you wish to participate through your own attorney, an appearance must be filed with the Court no later than [Insert Date that is 30 Days Following The Date This Notice is Mailed].

7. **The Right to Examine Court Records**

The foregoing description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, including a copy of the settlement agreement, you should visit the Clerk of Court, United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007. The Clerk will make all files relating to this lawsuit available to you for inspection and copying at your own expense.

8. **Inquiries**

Any questions you or your attorney has concerning this Notice should be directed toward Maimon Kirschenbaum by phone at (212) 688-5640, in writing at the address listed above, or by email at maimon@jhllp.com. Please include the case name and number, your name, and your return address.

IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT CLASS COUNSEL AT THE ADDRESS LISTED ABOVE, OR COUNSEL OF YOUR OWN CHOOSING AND AT YOUR OWN EXPENSE. **PLEASE DO NOT CONTACT THE COURT OR THE CLERK OF COURT.** DEFENDANTS EMPHASIZE THAT THERE WILL BE NO RETALIATION AGAINST ANY CLASS MEMBER FOR REMAINING IN THE CLASS.

Dated: _____, 2008

**This Notice is sent to you by Order of the United States District Court for the Southern District of New York.**

**[TO BE PLACED ON CLASS COUNSEL'S LETTERHEAD]**

**EXHIBIT A**

Name
Address

_____, 2008 [Insert Date That The Attached Notice Is Mailed]

Re:   Notice of Class Action and Proposed Settlement

Dear _____:

     As set forth in the attached Notice of Class Action and Proposed Settlement ("Notice"), the records of TSE Group LLC d/b/a B.B. King Blues Club and Grill ("B.B. King") indicate that you were employed by B.B. King as a server, paid on an hourly basis, in New York City during the Class Period of April 19, 2001 through [Insert Date of Preliminary Approval]. Pursuant to B.B. King's payroll records, there were \_\_\_\_ weeks in which you worked at B.B. King at least one day during the applicable week.

     Based upon the above, and in accordance with the preliminary calculations set forth in the attached Notice, your estimated award is _____. Such amount will ultimately be determined following the Fairness Hearing on this matter. If you believe that the number of weeks indicated above is incorrect, please advise the below Class Counsel and provide documentation to support your position within 30 days of this mailing.

     Thank you for your attention to this matter.

                                          Sincerely,

                                          D. Maimon Kirschenbaum